SLIP OPINION

Cite as 2014 Ark. App. 468

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–14–316

| | |
|---|---|
| DANIELLE TUCK and DUSTIN TUCK<br>APPELLANTS | Opinion Delivered September 17, 2014 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. JV-2012-857] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br>APPELLEES | HONORABLE THOMAS E. SMITH, JUDGE<br><br>AFFIRMED |

## ROBIN F. WYNNE, Judge

Danielle Tuck and Dustin Tuck appeal from an order of the Benton County Circuit Court terminating their parental rights to their children, E.T., M.T., and J.T. They argue on appeal that the circuit court erred by finding that at least one ground for termination had been proved and that termination was in the children's best interest. They also argue that the circuit court erred by holding the termination hearing more than ninety days after the petition was filed. We affirm.

On December 20, 2012, the Arkansas Department of Human Services (DHS or the Department) took a seventy-two-hour hold on the children as a result of Danielle'S being observed "slumped" over the wheel of her vehicle with J.T. in a rear-facing car seat in the front seat drinking spoiled milk from a bottle. The affidavit submitted in support of the petition for emergency custody states that Danielle was arrested for driving while intoxicated

SLIP OPINION

and endangering the welfare of a minor. Dustin was incarcerated at the time of the incident. In February 2013, the circuit court adjudicated the children dependent-neglected due to Danielle's substance abuse. The adjudication order also notes that Dustin was incarcerated and was not a fit and proper parent at that time. In the adjudication order, the circuit court found that the parents had an obligation and the ability to pay child support. Following a review hearing in April 2013, the children were continued in DHS custody and the goal of the case was set as reunification. In a permanency-planning order filed on August 27, 2013, the circuit court found that both parents were in partial compliance with the case plan and that neither parent had made substantial, measurable progress. The goal of the case was changed to termination of parental rights and adoption. Danielle was ordered to contact DHS upon her release from jail, and DHS was ordered to determine the appropriateness of placing the children with their grandparents.

The Department filed a petition to terminate appellants' parental rights on October 3, 2013. The hearing on the petition was held on January 7, 2014. At the hearing, Danielle Tuck testified that she was in jail in Benton County from August 2013 to November 2013 as a result of the DWI charge she received the day that the children were taken into custody. She also testified that she received a DWI charge in July 2013 in which her blood-alcohol content was 0.16. Danielle testified that her July 2013 charge was resolved. She had been active in Alcoholics Anonymous since her release from jail, but had not received any other treatment since her release, despite being referred for counseling. She completed treatment at Decision Point prior to her July 2013 DWI charge. She started working at Taco Bell in December 2013. This was her only employment during the case. Danielle testified that she

was moving into an apartment in Rogers. Prior to that, she had lived in a motel. Danielle did not anticipate having transportation until March 2014. Danielle missed some visits with the children while she was in jail and on other occasions when she did not have a ride. She also tested positive for THC, the active ingredient in marijuana, during the case. Danielle testified that she was going to stay in her relationship with Dustin until "death do us part." Danielle was diagnosed with bipolar disorder and was prescribed medication. She voluntarily stopped taking her medication and had not taken any since her release from jail.

Dustin testified that he was incarcerated in the Department of Correction. He received a ten-year sentence in 2009. He was paroled twice since that time, and violated his parole both times. Dustin stated that he does not believe that Danielle has ever had a problem with alcohol. He also testified that neither he nor Danielle had paid any child support while the children had been in the Department's custody.

Vince Corbino, the DHS caseworker assigned to the case, testified that the children are adoptable. He expressed concerns with Danielle's mental health, specifically her refusal to take her medication, and her sobriety. He gave his opinion that he did not believe that Danielle had achieved stability while the children had been in the Department's custody.

On January 8, 2014, the circuit court entered an order granting the Department's petition to terminate appellants' parental rights. This appeal followed.

In order to terminate parental rights, a circuit court must find by clear and convincing evidence that the petitioner has proved at least one statutory ground for termination and that termination is in the child's best interest, considering the adoptability of the child and the potential harm to the child were he or she to be returned to the parent. Ark. Code Ann. §

SLIP OPINION

9-27-341(b)(3) (Supp. 2013). The circuit court found that all five grounds pled by the Department were proved by clear and convincing evidence. Those grounds were as follows: (1) that the children had been adjudicated by the court to be dependent-neglected and had continued to be out of the custody of appellants for twelve months and, despite a meaningful effort by the Department to rehabilitate appellants and correct the conditions that caused removal, those conditions have not been remedied by appellants, Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)*; (2) that the children had lived outside of appellants' home for a period of twelve months, and appellants had willfully failed to provide significant material support in accordance with their means or to maintain meaningful contact with the children, Ark. Code Ann. § 9-27-341(b)(3)(B)(ii)*(a)*; (3) that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the children in the custody of appellants is contrary to the children's health, safety, or welfare and that, despite the offer of appropriate family services, appellants had manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the circumstances that prevent the placement of the children in the custody of appellants, Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)*; (4) that Dustin was sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the children's lives, Ark. Code Ann. § 9-27-341(b)(3)(B)(viii); and (5) that appellants were found by a court of competent jurisdiction, including the juvenile division of circuit court, to have subjected any child to aggravated circumstances, Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)(A)*. The circuit court also found that the children were adoptable and that they would be subjected to potential harm if returned to appellants due to Danielle's lack of sobriety, mental-health issues, and inadequate

supervision, as well as Dustin's incarceration.

This court has set out the standard of review in termination-of-parental-rights cases as follows:

> The rights of natural parents are not to be passed over lightly; however, parental rights will not be enforced to the detriment or destruction of the health and well being of the child. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). A trial court's order terminating parental rights must be based on findings proven by clear and convincing evidence. Ark. Code Ann. § 9–27–341(b)(3) (Supp. 2013); *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). Clear and convincing evidence is defined as that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Dinkins*, *supra*. On appeal, the appellate court will not reverse the trial court's ruling unless its findings are clearly erroneous. *Id*. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id*. In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the trial court to judge the credibility of witnesses. *Id*.

*Anderson v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 791, at 8–9, 387 S.W.3d 311, 316.

Appellants argue that the "failure to remedy" ground was not proved as to Danielle because she addressed her alcohol problem.[1] Danielle did testify that she had regularly attended AA meetings since her release from jail. However, she also testified that she had incurred a DWI charge some eight months after the children had been taken into custody and after she had completed substance-abuse treatment. She testified that she had not attended counseling since her release from jail. The circuit court expressed concern at the hearing that AA alone was not sufficient to address Danielle's ongoing problem. We hold that the circuit court's finding that this ground was proved as to Danielle is not clearly erroneous.

---

[1]Appellants also argue that this ground does not apply to Dustin because he was incarcerated at the time of removal. As only one ground is necessary for termination and other grounds are more clearly applicable to Dustin, we will address this ground only as it applies to Danielle.

SLIP OPINION

Appellants argue that the "subsequent factors" ground was not proved by clear and convincing evidence. The circuit court found that the ground was proved as to both appellants. Appellants' argument on this point with regard to Danielle references only her alcohol use; appellants claim there was no evidence on this issue presented as to Dustin. The factors that arose subsequent to the filing of the original petition with regard to Danielle include her mental-health issues and her refusal to take her medication, her lack of employment until one month before the termination hearing, and her unstable housing situation. Dustin was in prison at the time of the termination hearing after having his parole revoked during the pendency of the case, and his release date was uncertain. We hold that the circuit court's finding that this ground was proved as to both parents is not clearly erroneous.

Dustin also challenges the circuit court's finding that he was sentenced in a criminal proceeding for a period of time that would constitute a significant portion of the children's lives. He does not argue that his sentence would not constitute a substantial portion of the children's lives. Instead, he argues that his testimony that he could be released within a month or two of the termination hearing means that this ground was not proved. He is mistaken. Although he testified as such, his release was not assured. Also, he had previously been released twice on parole and had violated his conditions both times. The circuit court's finding on this ground is not clearly erroneous.

Appellants argue that termination was not in the children's best interest because the circuit court erred by not allowing testimony regarding DHS's efforts to place the children with a relative. Specifically, they argue that if a relative is willing to take the child,

termination might not be in the children's best interest, and the circuit court's evidentiary ruling precludes it from fully determining whether termination was in the children's best interest in this case. Appellants' argument is not preserved for review because the specific argument made on appeal, that evidence regarding possible relative placement is necessary in order for the circuit court to determine the best interest of the children, was not made to the circuit court. We have held that even in termination cases, we will not address issues raised for the first time on appeal. *McElroy v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 117, 432 S.W.3d 109.

Appellants' final argument is that the circuit court erred by holding the termination hearing more than ninety days after the petition to terminate had been filed. This argument is likewise barred because it was not raised below. *McElroy, supra.*

Affirmed.

HARRISON and GLOVER, JJ., agree.

*Peel Law Firm, P.A.*, by: *Jennifer L. Modersohn*, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor children.