

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-1086

| | |
|---|---|
| BILLY SHANNON | **Opinion Delivered:** April 8, 2015 |
| APPELLANT | |
| | APPEAL FROM THE SHARP |
| V. | COUNTY CIRCUIT COURT |
| | [NO. JV-2013-88] |
| ARKANSAS DEPARTMENT | |
| OF HUMAN SERVICES | HONORABLE KEVIN NEIL KING, |
| AND MINOR CHILD | JUDGE |
| APPELLEES | |
| | AFFIRMED; MOTION TO BE |
| | RELIEVED AS COUNSEL |
| | GRANTED |

### WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's termination of his parental rights to K.S., born 8/6/2013.[1] Appellant's counsel has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[2] and Arkansas Supreme Court Rule 6-9(i),[3] stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal. Appellant has filed

---

[1] The rights of K.S.'s mother, Briah Shannon, were terminated pursuant to the same order; however, Briah has not appealed the termination of her rights and is not a party to this appeal.

[2] 359 Ark. 131, 194 S.W.3d 739 (2003).

[3] (2014).

pro se points, but none are meritorious. We affirm and grant counsel's motion to be relieved as counsel.

The Arkansas Child Abuse Hotline received a report on August 6, 2013, that Briah Shannon, K.S.'s mother, was driving drunk with K.S. in the car; K.S. was not buckled in. A family-services worker attempted a home visit at the address given on the report, but did not find Briah or K.S. Briah's mother, Judy Harbison, was uncooperative in helping the worker locate Briah and K.S. After contacting Briah's probation officer, Briah and K.S. were located at another home where Briah failed a drug test for methamphetamines, THC, and benzos. Briah was arrested for probation revocation, and a 72-hour hold was taken on K.S. due to there being no appropriate caretaker for him at the time of Briah's arrest.

On August 7, 2013, DHS filed a petition for emergency custody and dependency-neglect due to abuse, neglect, or parental unfitness. The circuit court entered an ex parte order for emergency custody on the same date. The court entered a probable-cause order on August 13, 2013, finding probable cause for K.S.'s removal. Appellant was listed therein as K.S.'s father. He was appointed counsel. In an adjudication order dated October 1, 2013, the circuit court adjudicated K.S. dependent-neglected. A review order filed February 11, 2014, states that "Mr. Shannon was provided with a case plan but has not complied with any task set out in the plan[;] he has not contacted [DHS] and does not visit."

On March 17, 2014, DHS filed a motion to terminate reunification services to both of K.S.'s parents, pursuant to Arkansas Code Annotated section 9-27-365, based on

the ground of "aggravated circumstances." DHS alleged there was little likelihood that reunification services provided to the parents would result in successful reunification of K.S. with his parents. Specifically, K.S. had been placed in a 60-day trial placement with Briah on February 11, 2014. During a random home visit on February 21, 2014, a family services worker caught appellant playing with K.S., despite appellant having been informed that he could not have any unsupervised contact with K.S. until he complied with the case plan. Appellant had been uncooperative with DHS and refused drug tests. He refused a drug test on the date of the random home visit. Appellant had been with K.S. for "several days" according to Briah's step-father, Frank Harbison. Appellant was asked to leave the premises and have no contact with K.S. until he could submit a negative drug screen. The family services worker was informed by Frank that he had not had contact with Briah in "several days." Though Briah returned,[4] she left again on March 6, 2014, leaving K.S. with Frank and Judy and providing no contact information. K.S. was brought back into care on March 6, 2014, due to the whereabouts of Briah being unknown.

In a review order dated April 22, 2014, the circuit court granted DHS's motion to terminate reunification services to the parents, finding clear and convincing evidence that both parents had subjected the child to aggravated circumstances. The court specifically found that appellant "does not participate in the case plan." Both parents were permitted to obtain services on their own and provide documentation thereof. In a permanency-planning order filed June 10, 2014, the circuit court changed the goal of the case to

---

[4] It is not clear from the record when Briah returned.

adoption with termination of parental rights, noting that the no–reunification–services order entered on April 22, 2014, had not been appealed.

DHS filed a petition for termination of both parents' parental rights on July 24, 2014, pursuant to Arkansas Code Annotated 9–27–341, on the grounds that:

1. K.S. had been adjudicated by the court to be dependent–neglected and had continued out of the home of the mother for twelve months and despite a meaningful effort by the department to rehabilitate the home and correct the conditions which caused removal, those conditions had not been remedied by the mother;[5]

2. Other factors or issues arose subsequent to the filing of the original petition for dependency–neglect that demonstrate that return of the juvenile to the custody of appellant is contrary to the juvenile's health, safety or welfare and that, despite the offer of appropriate family services, the parents have manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the appellants circumstances which prevent return of the juveniles to the custody of the parents;[6]

3. Appellant had constructively abandoned K.S.,[7] and

4. Appellant had been found by a court of competent jurisdiction to have subjected K.S. to aggravated circumstances.[8]

In its order terminating appellant's parental rights and granting DHS authority to consent to K.S.'s adoption, entered on September 16, 2014, the circuit court found that termination of appellant's parental rights was in K.S.'s best interest considering the

---

[5] Ark. Code Ann. § 9–27–341(b)(3)(B)(i)(*a*) (Repl. 2013).

[6] Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)(*a*).

[7] Ark. Code Ann. § 9–27–341(b)(3)(B)(v)(*a*).

[8] Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(*a*)(*3*)(*A*) & (B)(i).

SLIP OPINION

likelihood of him being adopted if the termination petition was granted and the potential harm to K.S. if returned to appellant's custody.[9] It found that DHS proved all four grounds asserted in its petition. While present for the initial staffing, appellant only appeared at the probable-cause hearing and did not appear at any other court hearings, including the termination hearing.

An order finding appellant indigent was entered on October 7, 2014. This timely appeal followed.

In compliance with *Linker-Flores* and Rule 6-9(i), counsel ordered the entire record and found that, after a conscientious review of the record, there are no issues of arguable merit for appeal. Counsel's brief adequately covered the only ruling adverse to appellant, which was the termination of his parental rights. After carefully examining the record, the brief, and appellant's pro se points[10] as presented to us, we conclude that the appeal is wholly without merit. Accordingly, we affirm the termination of appellant's parental rights and grant counsel's motion to be relieved as counsel.

---

[9] *See* Ark. Code. Ann. § 9-27-341(b)(3)(A)(i) & (ii).

[10] For his pro se points, beyond stating that he loves K.S., appellant denies refusing to complete the case plan, asserts that he did not attend hearings due to being "[severely] visually impaired," and feels like he "was not represented like [he] was supposed to" though he cited no specific error on his attorney's part. Appellant admits that he was told that he had an attorney and was informed who his attorney was. None of appellant's arguments were made by his attorney, and he made no argument of ineffective assistance of counsel to the court below. We have held that even in termination cases, we will not address issues raised for the first time on appeal. *Tuck v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 468, at 7, 442 S.W.3d 20, 24 (citing *McElroy v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 117, 432 S.W.3d 109). Furthermore, Arkansas appellate courts will not consider a claim of ineffective assistance of counsel as a point on appeal unless it was first raised in the trial court. *Calahan v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 508, at 9, 429 S.W.3d 372, 377 (citing *Weaver v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 680).

Affirmed; motion to be relieved as counsel granted.

GRUBER and WHITEAKER, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, Dependency–Neglect Appellate Division, for appellant.
No response.